IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TERRY YOUNG, | Case No. 97 CR 63-1<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Petitioner Terry Young brings a Motion for Relief Under the First Step Act (Dkt. No. 1164). For the reasons stated herein, the Motion is granted. Young shall be immediately released from custody. His five-year period of supervised release shall stand.

### I. BACKGROUND

Petitioner Terry Young's incarceration is the result of his obtaining and distributing drugs for the Traveling Vice Lords gang. On April 13, 1998, a jury convicted Young of three offenses: (1) conspiracy to possess with intent to deliver narcotics in violation of 21 U.S.C. §§ 846, 841(a)(1) ("Count One"); (2) possession with intent to deliver narcotics in violation of 21 U.S.C. § 841(a)(1) ("Count Two"); and (3) money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) ("Count Fourteen"). The jury did not return a special verdict with respect to the quantity of drugs involved in Counts One and Two. The sentencing court originally sentenced Young to life in prison on Counts One and Two, and 240 months'

imprisonment on Count Fourteen, to run concurrently. (*See* Aug. 8, 2005, Am. Crim. J. at 7, Dkt. No. 1000.) On remand from the Seventh Circuit, *United States v. Mansoori*, 304 F.3d 635 (7th Cir. 2002), the sentencing court reduced Young's sentence on Count Two from life to 20 years' imprisonment, while keeping intact the life term on Count One and 240 months on Count Fourteen. (*See* Aug. 8, 2005, Am. Crim. J.). Young's sentences are set to run concurrently, with a five-year period of supervised release to follow. (*Id.*)

In 2014, the Executive Committee transferred Young and his co-defendants' criminal cases to this Court. In 2016, Young and the Government jointly moved to reduce his sentence on Count One from life to 360 months, pursuant to 18 U.S.C. § 3582(c)(2). (*See* Joint Mot. to Reduce Sentence, Dkt. No. 1101.) This Court granted that motion, leaving the other conditions of Young's sentencing intact. (*See* § 3582(c)(2) Order, Dkt. No. 1107.) Young has been in federal custody for nearly 23 years, and therefore has finished serving his concurrent 20-year sentence on Count Two and his 240-month sentence on Count Fourteen. All that remains is his 360-month sentence on conspiracy to possess with the intent to deliver narcotics.

Young now moves to reduce his sentence pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Young requests that the Court reduce his sentence to time served. The Court granted a similar motion from one of Young's co-defendant's

on December 9, 2019. *United States v. Mansoori*, No. 97 CR 63-9, 2019 WL 6700166, at *1 (N.D. Ill. Dec. 9, 2019).

## II. LEGAL STANDARD

In 2010, Congress passed the Fair Sentencing Act, which reduced sentencing disparities between offenses involving crack and powder cocaine. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The First Step Act effectively makes certain provisions of the Fair Sentencing Act retroactive, though relief under the First Step Act is discretionary. Pub. L. No. 115-391 § 404(c). The First Step Act limits eligibility to "covered offenses"—that is, a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010. *See* Pub. L. No. 115-391 § 404. The Fair Sentencing Act raised the amount of crack cocaine that triggered certain statutory minimums from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A) (2019).

## III. DISCUSSION

### A. Eligibility

First, the Government asserts that because this Court previously reduced Young's sentence pursuant to 18 U.S.C. § 3582(c)(2), Young is not eligible for First Step Act Relief. Section 404(c) of the First Step Act states:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the

amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010…

Pub. L. No. 115-391 § 404(c). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841 by increasing the amount of cocaine base ("crack" cocaine) that triggers mandatory minimums. Pub. L. No. 111-220 § 2. Section 3 amended 21 U.S.C. § 844(a) by eliminating the mandatory minimum sentence for simple possession of crack cocaine. Pub. L. No. 111-220 § 3. The Government argues that Young's § 3582(c)(2) Count One sentence reduction was "consistent with" Sections 2 and 3 of the Fair Sentencing Act, therefore he is ineligible for First Step Act relief.

18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment when a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010). The Government and Young jointly moved for, and the Court granted, a § 3582(c)(2) sentence reduction on the basis of Guidelines Amendment 782. (*See* Joint Mot. to Reduce Sentence ¶ 3.)

Section 8 of the Fair Sentencing Act required the U.S. Sentencing Commission to "make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law." Pub. L. No. 111-220 § 8; *see also Dorsey v.*

*United States*, 567 U.S. 260, 269 (2012). "Applicable law" refers to the law as changed by the Fair Sentencing Act, including the provision reducing the crack cocaine mandatory minimums. *Dorsey,* 567 U.S. at 276. It also directed the Commission to "promulgate the guidelines, policy statements, or amendments provided for in this Act as soon as practicable, and in any event not later than 90 days" after the new Act took effect. Pub. L. No. 111-220 § 8.

In accordance with Section 8 of the Fair Sentencing Act, in 2011, the Sentencing Commission adopted Amendment 750, which revised the crack cocaine quantity tables listed in USSG § 2D1.1(c). *See* U.S.S.G., App. C. amend. 750 (2011); *see also United States v. Johnson*, 478 F. App'x 895, 898 (5th Cir. 2012) (discussing Amendment 750). Then again in 2014, the Commission adopted Amendment 782, which further reduced by two levels some, but not all, of the base offense levels in the drug quantity tables. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 782 is retroactive. *See* U.S.S.G. app. C, amend. 788 (2014). Amendment 782 lowered Young's base offense level from 44 to 42, which combined with his criminal history category of I, meant Young's new guidelines range was 360 months to life. (*Id.*)

Contrary to the Government's assertion, Young's earlier sentence reduction on Count One was not "in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." *See* Pub. L. No. 115-391 § 404(c). Young's sentence reduction could

certainly be said to have been "in accordance with" 18 U.S.C. § 3582(c)(2), or "in accordance with" Amendment 782 to the Guidelines. His sentence reduction could perhaps even be said to have been "in accordance" with Section 8 of the Fair Sentencing Act, if one considers the causal chain between Section 8's mandate to promulgate amendments to the Guidelines that conform to the Fair Sentencing Act, and Amendment 782. However, this Court sees no basis for going yet another step further in the existential chain and construing Young's § 3582(c)(2) sentence reduction as being "in accordance with the amendments made by section 2 and 3 of the Fair Sentencing Act." Pub. L. No. 115-391 § 404(c). And the Government does not cite to any opinions that adopted its peculiar analysis of § 404(c) and § 3582(c)(2). Thus, this argument fails. *Cf. United States v. Mack*, No. CR 00-323-01, 2019 WL 3297499, at *5, 15 (D.N.J. July 23, 2019) (finding that co-defendants whose sentences had already been reduced via § 3582 and Amendment 782 were eligible for further sentence reductions under the First Step Act).

Second, the Government argues that Young's Count One conviction is not a "covered offense" under the First Step Act because the "actual amount" of drugs he conspired to possess, and deliver was large enough that the Fair Sentencing Act did not change the applicable statutory penalties. The various subsections of 21 U.S.C. § 841(b)(1) set forth a number of different minimum

and maximum sentences depending on the amount of drugs involved. The statute provides for a prison sentence of up to life so long as the offense involved five or more kilograms of cocaine, one or more kilograms of heroin, or 50 grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(A)(i)-(iii). The sentencing court sentenced Young under § 841(b)(1)(A), finding that he easily conspired to distribute in excess of the quantities of narcotics outlined above, and that the statutory sentence for his conspiracy conviction was therefore ten years to life. *See* 21 U.S.C. § 841(b)(1)(A) (1998); *Mansoori*, 304 F.3d at 657 (7th Cir. 2002). In so finding, the sentencing court apparently adopted a factual assertion from U.S. Probation's Presentence Investigation Report ("PSR"), that Young conspired to distribute over 150 kilograms of cocaine. *See Mansoori*, 304 F.3d at 657.

However, as this Court has held before, Supreme Court precedent dictates that drug quantities set forth in a PSR or found by a judge at sentencing cannot increase the penalty for a crime. The Supreme Court has held that any fact that increases a mandatory minimum is an "element" of the crime that must be proven beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 103 (2013); *see also Apprendi v. New Jersey*, 530 U.S. 466, 476-79 (2000). Therefore, the Court will disregard the sentencing court's fact finding about the quantities of drugs involved in Young's crimes when determining his eligibility under the First Step Act.

As this Court recently held in its *Mansoori* opinion, because the jury did not make a special finding on drug quantity in this case, the Fair Sentencing Act modified the statutory penalty for 21 U.S.C. § 841(a)(1), rendering Young's Count One conviction a "covered offense" under the First Step Act. *See Mansoori*, 2019 WL 6700166, at *3. Young is eligible for relief under the First Step Act.

**B. Discretion**

The Government argues that the Court should not exercise its discretion under the First Step Act because of the seriousness of Young's crimes. The Court determines whether a sentence reduction is warranted for a First Step-Act eligible defendant using the § 3553(a) factors. Evidence of post-sentencing rehabilitation "may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011). For example, post-sentencing rehabilitation may be relevant to "the history and characteristics of the defendant," the need to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training." *Id*. In this case, though the Government is correct that Young's offenses were serious, the Court is convinced that the almost 23 years Young

has spent in prison thus far is enough to serve the purposes of both general and enough deterrence.

While still serving a life sentence, Young consistently took efforts to improve himself and remain productive. In particular, Young focused on educational achievements while incarcerated. Young obtained a Bachelor of Arts degree from Governors States University in December 2013, and a certificate in paralegal studies in August 2015. He also participated in prison programming, including gang diversion, addiction, and victim awareness courses. Young's records indicate that he has not had any disciplinary issues while incarcerated. (*See* Exs. to First Step Act Mot., Dkt. No. 1145.) As the Government agreed in its 2016 joint motion to reduce Young's sentence on Count One, Young "has shown rehabilitative potential" during his time in prison, and "did not have an extensive criminal history" prior to his convictions in this case. (Joint Mot. to Reduce Sentence ¶ 4.) Young's post-sentencing conduct indicates that his history and characteristics no longer call for a 360-month sentence. *See* 18 U.S.C. §§ 3553(a)(1). Additionally, Young is now 54 years old, an age at which recidivism is far less likely. The Court is optimistic that Young had been adequately deterred and can lead a law-abiding life upon release. *See Pepper*, 562 U.S. at 491 ("In assessing… deterrence, protection of the public and rehabilitation… there

would seem to be no better evidence than a defendant's post-incarceration conduct.") (citation omitted).

The Court turns to what reduced sentence is appropriate for Young. Pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a jury must find that a drug offense involves a specific threshold amount before a court may sentence a defendant to the statutory minimums outlined in § 841(b)(1)(A). *See Apprendi*, 530 U.S. at 476-79. In the absence of a jury finding a specific quantity of narcotics for a § 841(a) conviction, the default statutory maximum sentence is 20 years. 21 U.S.C. § 841(b)(1)(C). The Seventh Circuit has previously recognized this issue in Young's case. *See Mansoori*, 304 F.3d at 658-59. The Seventh Circuit held that the sentencing court erroneously sentenced Young to life on Count Two when the maximum statutory sentence at the time was forty years' imprisonment. *Id*. The court observed that because the jury was not asked to determine a specific amount of cocaine that Young distributed, "in accord with *Apprendi* the district court on remand may not impose a sentence in excess of twenty years" for Count Two. *Id*. at 659 ("When it imposes the new sentence, the district court will of course be obliged to honor *Apprendi*."). The same logic applies to reducing Young's sentence for Count One. *See United States v. Williams*, 402 F.Supp.3d 442, 448 (N.D. Ill. 2019) (holding that, in applying the First Step Act, "Congress would not have expected federal courts

to" continue to base sentencing on impermissible judicial fact finding at sentencing). Therefore, the Court reduces Young's sentence for his conspiracy conviction under 21 U.S.C. §§ 841(a), 846 (Count One) from life to twenty years' incarceration, to run concurrent with his sentences on Counts Two and Fourteen, resulting in a sentence of time-served. The Court leaves intact Young's five-year period of supervised release.

## IV. CONCLUSION

For the reasons stated herein, Terry Young's Motion for Relief Under the First Step Act (Dkt. No. 1164) is granted.

**IT IS SO ORDERED.**

                                                          _____
                                                          Harry D. Leinenweber, Judge
                                                          United States District Court

Dated: 12/19/2019